**No. 17,778.**

WARREN WILLIAMS, ET AL, *v.* NELLIE LINDQUIST.
(295 P. [2d] 1035)

Decided April 9, 1956. Rehearing denied April 30, 1956.

Messrs. HOUTCHENS & HOUTCHENS, Mr. PAUL E. GARRISON, for plaintiffs in error.

Mr. JOHN W. O'HAGAN, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiffs in error were defendants in an action brought by defendant in error. We will refer to the parties either by name or as they appeared in the trial court.

It is conceded that at all times mentioned in the complaint defendants in the action were copartners operating a business known as Caper Club. This business consisted of a restaurant and bar. It was alleged that about January 10, 1953, defendants employed plaintiff to operate the kitchen at the Caper Club; that plaintiff was to receive a weekly salary of $55.00, together with one-half the profits of the kitchen operation, such profits to be computed after charging against the income from the kitchen the expenses thereof, limited to the cost of food and salaries of kitchen help. Plaintiff alleged she performed services under this contract until January 8, 1954; that defendants refused to account to her for one-half the profits of the kitchen operation which she alleged were $1,385.14, for which sum she prayed judgment against defendants. By their answer defendants admitted plaintiff was to receive $55.00 per week, together with one-half the net profit of the kitchen operation; denied that the only charges which were to be made against said operation were limited to cost of food and salaries of kitchen help; denied that any sum was due plaintiff, and alleged that said kitchen operation was conducted at a loss of some $3,400 between January 14, 1953, and January 8, 1954. As a second defense defendants alleged the contract under which plaintiff was employed provided the net profits were to be computed by charging the cost of food, salaries of kitchen help and all other overhead of the kitchen operation; they further alleged that it

was agreed and understood that a certified public accountant was to oversee and audit the books and records of defendants and that any sum over and above plaintiffs' weekly compensation would be paid according to the computations of the said accountant made yearly after January, 1953. Defendants alleged that such an audit was made and that it showed a net loss of the kitchen operation amounting to some $3,400; that plaintiff agreed to perform services for a full year and did not do so.

Trial was to the court in May, 1955, and resulted in findings and judgment in favor of plaintiff in the sum of $1,307.57, from which defendants seek reversal by writ of error.

In resolving the issues in favor of plaintiff, the trial court determined that the agreement was that the net profit of the kitchen operation should be determined by deducting from the moneys received from the sale of food the cost thereof, plus the salaries of those employed in the kitchen operation. We are bound by this finding which is supported by competent evidence in the record.

The record discloses that "house meals" were those furnished to employees at fifty cents each. These meals were a part of the compensation of the employees and were not paid for in cash. Each employee received one house meal each day.

Plaintiff's book of account showing receipts and disbursements of the kitchen operation contains a column showing "house meals" for each month during the time plaintiff was employed by defendants. The total of these "house meals" as shown on her record is $1,590.05. Obviously three thousand meals were not served to the few people employed as "kitchen help" during this period. By her calculation of the income from the sale of food, plaintiff added to "cash" sales the amount of the "house meals" each month. We fail to find any testimony in the record that the "house meals" were ever debited to the kitchen account as a part of the wages of the persons who assisted in the preparation, sale or serving of meals

at the Caper Club. It is plain that the "house meals" included in plaintiff's account embraced those served to all of the employees of the Caper Club irrespective of whether they worked in the kitchen or in the bar.

To arrive at the amount, if any, due plaintiff, the trial court should ascertain from competent evidence the number of "house meals" served to employees engaged in the kitchen operation as "kitchen help" and add this amount to the wages paid to such employees. The amount of these wages including "house meals" would then, together with the cost of the food purchased, be deducted from the total cash sales, leaving as a balance the net profit of the kitchen operation.

The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.